| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Israel A. Schwartz, Esq.<br>O'HANLON SCHWARTZ, P.C.<br>511 Market Street<br>Camden, NJ 08102<br>Telephone: (267) 546-9066<br>– and –<br>Moshie Solomon, Esq.<br>LAW OFFICES OF MOSHIE SOLOMON, P.C.<br>Two University Plaza, Suite 100<br>Hackensack, New Jersey 07601<br>Telephone: (201) 705-1470 | Case No.:   24-14880 |
| In Re:<br><br>MARIAH D. HERNANDEZ,<br><br>                              Debtor. | Chapter:   13<br><br>Hearing Date: March 12, 2025<br><br>Judge:   ABA |

**CERTIFICATION OF LANDLORD IN SUPPORT OF JOINDER TO
CHAPTER 13 TRUSTEE'S MOTION TO DISMISS CASE**

I, David Klein, Regional Manager for Goldcrest Properties a/k/a East Park Apartments, landlord in the above captioned case (the "Landlord"), submits this Certification in support of the Landlord's joinder to Chapter 13 Trustee's motion to dismiss this Chapter 13 case.

1. I am fully familiar with the Debtor's rental payment history and this bankruptcy case because I am Regional Manager to the Landlord of the premises located at 1047 East Park Avenue, Unit E5, Vineland, NJ 08360 (the "Premises") rented by Mariah D. Hernandez (the "Debtor"), debtor herein.

2. On March 1, 2023, the Debtor filed with this Court a bankruptcy case under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"), which was assigned by the Clerk as case number 23-11643-JNP (the "First Chapter 13 Case").

3. As of the commencement of the First Chapter 13 Case, the Debtor owed rent for the Premises in the amount of $13,427.50. Attached as Exhibit "A" is the Debtor's rental history ledger for the Premises.

4. Upon information and belief, the Debtor filed the First Chapter 13 Case solely to stay the Landlord's attempt to evict her from the Premises due to nonpayment of rent. In fact, the Claims Register for the First Chapter 13 Case shows that the Landlord was the only creditor to file a proof of claim.

5. The Debtor failed to make multiple rent payments after the commencement of the First Chapter 13 Case, with the balance of unpaid rent increasing by $4,526.16 to a total of $17,953.66 by February 1, 2024.

6. On February 1, 2024, the Landlord filed a motion in the First Chapter 13 Case for entry of an order terminating the stay to permit the Landlord to initiate or resume an action in the state court of New Jersey for possession of the Premises (the "First Stay Termination Motion"). [First Chapter 13 Case Dkt. No. 21].[1]

7. On April 19, 2024, the Court entered an Order dismissing the First Chapter 13 Case due to the Debtor's failure to make payments under her confirmed plan. [First Chapter 13 Case Dkt. No. 29].

8. Shortly after the dismissal of the First Chapter 13 Case, the Landlord sought and obtained a trial date of May 15, 2024 with the Superior Court of New Jersey for the eviction of the Debtor from the Premises due to nonpayment of rent.

---

[1] Although the Debtor and the Landlord had mutually agreed to resolve the First Stay Termination Motion, the Order resolving such motion was not entered prior to the Court's dismissal of the First Chapter 13 Case. [First Chapter 13 Case Dkt. No. 24].

2

9. On May 13, 2024, on the eve of the eviction trial, the Debtor filed the above captioned Chapter 13 case (the "Second Chapter 13 Case").

10. On June 11, 2024, the Court entered an Order extending the automatic stay. [Second Chapter 13 Case Dkt. No. 16].

11. As of the commencement of the Second Chapter 13 Case, the Debtor now owed rent for the Premises in the amount of $19,974.63.

12. Upon information and belief, the Debtor filed the Second Chapter 13 Case solely to stay the Landlord's attempt to evict her from the Premises due to nonpayment of rent. In fact, the Claims Register for the Second Chapter 13 Case shows only two filed proofs of claim: (1) the Landlord with a claim for prepetition rent in the amount of $19,974.63, and (2) Check N Go with a claim in the amount of $680.42.

13. Following the commencement of the Second Chapter 13 Case, the Debtor again failed to make several rent payments, with the balance of unpaid rent increasing by $3,281.63 to a total of $23,255.63 by November 1, 2024.

14. On November 4, 2024, the Landlord filed a motion in the Second Chapter 13 Case for entry of an order terminating the stay to permit the Landlord to initiate or resume an action in the state court of New Jersey for possession of the Premises (the "Second Stay Termination Motion"). [Second Chapter 13 Case Dkt. No. 25].

15. On November 26, 2024, the Court held a hearing on the Second Stay Termination Motion, and allowed the stay to remain in place on the condition that the Debtor pay all current rent moving forward, and cure the post-petition arrears in the amount of $504.66 per month for the next six months. On December 4, 2024, the Court entered the Order resolving

3

the Second Stay Termination Motion (the "Second Stay Termination Resolution Order"). [Second Chapter 13 Case Dkt. No. 28].

16. On December 16, 2024, the Landlord filed a certificate of default with the Court, stating that the Debtor had already defaulted on the first payment due under the Second Stay Termination Order. [Second Chapter 13 Case Dkt. No. 30]. After two extensions and hearings on the matter, on January 28, 2025, the Court entered an Order granting the Second Stay Termination Motion and terminating the stay to permit the Landlord to continue its eviction proceeding in state court. [Second Chapter 13 Case Dkt. No. 38].

17. On February 24, 2025, the Debtor filed a motion to reimpose the stay on the Premises (the "Motion to Reimpose the Stay"), and requested an expedited hearing for February 26, 2025. [Second Chapter 13 Case Dkt. No. 40].

18. On February 26, 2025, the Court held a hearing in this case on two separate matters: (1) the Motion to Reimpose the Stay; and (2) a hearing on the confirmation of the Debtor's proposed chapter 13 plan. At the hearing, the Chapter 13 Trustee requested dismissal of the Second Chapter 13 Case due to the failure of the Debtor to make several plan payments under the proposed (and still unconfirmed) chapter 13 plan. The Court adjourned the hearing on both matters, and instructed the Debtor to become current on both the rent due to the Landlord as well as the payments due to the Trustee by March 12, 2025, or the case will be dismissed.

19. In light of the above, it has become abundantly clear that the Debtor has filed these two bankruptcy cases solely to take advantage of the stay and impede the Landlord's rights under New Jersey state law to retake possession of the Premises due to her nonpayment of rent, without having the ability or intent to consummate a chapter 13 plan. The Landlord was the only creditor in the First Chapter 13 Case and the primary creditor (of two) in the Second

4

Chapter 13 Case, making these cases essentially two party disputes. The First Chapter 13 Case was filed when the Debtor was substantially behind on her rent and the Landlord had started the process of evicting her from the Premises, and the Second Chapter 13 Case was filed on the eve of trial for eviction. Neither of these cases resulted in a consummated Chapter 13 plan. The Debtor has also exhibited a clear pattern of either being unwilling or unable to pay rent and plan payments during the pendency of both of these cases, leading to substantial expense by the Landlord to exercise its rights with multiple bankruptcy filings and court appearances as well as a skyrocketing rent balance owed to the Landlord. In short, the Landlord believes that the Debtor is abusing the bankruptcy system simply to frustrate the Landlord's ability to obtain possession of its Premises and to try to remain in the Premises while paying minimal or no rent for as long as possible. The Landlord has been attempting to retake possession of the Premises for almost two years, and the time for the Debtor to vacate the Premises is long overdue.

20. Therefore, the Landlord joins in the Motion of the Chapter 13 Trustee to dismiss this Chapter 13 Case. Further, based on the above, if this captioned case is dismissed, the Landlord respectfully requests that an Order dismissing this case includes (1) a 180 day bar for the Debtor to file another bankruptcy case so the Landlord can have enough time to finalize the eviction process before the Debtor files yet another frivolous bankruptcy case just to stay the eviction, and (2) a permanent stay termination with respect to the Premises so that if the Debtor does file another bankruptcy case, the stay will not go into effect with respect to the Premises.

I certify under penalty of perjury that the above is true.

Dated:  March 3, 2025                                             /s/ David Klein
                                                                                          David Klein
                                                                                          Regional Manager for Landlord